UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-302-RJC
(3:06-cr-190-RJC-1)

| | |
|---|---|
| JUSAMUEL RODRIGUEZ MCCREARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, [Doc. 1]. See also [Doc. 6] (Supplemental Memorandum); [Doc. 10] (Second Supplemental Memorandum); [Doc. 19] (Third Supplemental Memorandum).

**I.     BACKGROUND**

Petitioner was charged with: Hobbs Act conspiracy in violation of 18 U.S.C. § 1951 (Count One); Hobbs Act robbery and aiding and abetting the same in violation of 18 U.S.C. § 1951 and 2 (Count Two); brandishing and discharging firearms in furtherance of a crime of violence, *i.e.*, "the violation of Title 18, United States Code 1951 set forth in Counts One and Two," in violation of 18 U.S.C. § 924(c) and 2 (Count Three); and three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 2 (Counts Four, Six, and Seven). [3:06-cr-190 ("CR") Doc. 1]. Petitioner pleaded guilty to Counts Two and Three pursuant to a written Plea Agreement, and admitted being "in fact guilty as charged in those counts." [CR Doc. 34 at ¶ 1]. A the Rule 11 hearing, Petitioner confirmed that he was pleading guilty in Count Two to aiding and abetting Hobbs Act robbery, and in Count Three to brandishing and discharging a firearm "in the course of committing that robbery or that violation of Title 18, U.S. Code Section 1951 and

1

2….” [CR Doc. 74 at 9].  The Court sentenced Petitioner to a total of 271 months' imprisonment. [CR Doc. 65].  The Fourth Circuit Court of Appeals affirmed on direct appeal.  United States v. McCreary, 317 F. App'x 333 (4th Cir. 2009).

Petitioner then filed two unsuccessful § 2255 actions, Case Nos. 3:12-cv-307 and 3:12-cv-742. McCreary v. United States, 2012 WL 2569077 (W.D.N.C. July 3, 2012); McCreary v. United States, 2013 WL 8635530 (W.D.N.C. March 7, 2013).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 6, 2016,[1] as well as two Supplemental Memoranda.  [Docs. 1, 6, 10]. He argues that his § 924(c) conviction is invalid because the record fails to conclusively establish whether the § 924 conviction was premised on aiding and abetting Hobbs Act robbery and/or on Hobbs Act conspiracy – which is not categorically a "crime of violence" pursuant to United States v. Johnson, 576 U.S. 591 (2015).[2] [Id.]. Petitioner asks the Court to vacate Count Three and hold a resentencing hearing should the Government request one.  [Doc. 10 at 3-4].

This case was stayed for several years pending developments in the case law.  [Docs. 5, 9, 15]. Most recently, the matter was stayed pursuant to the Supreme Court's consideration of United States v. Taylor, which has been resolved, 142 S.Ct. 2015 (2022).  The Clerk will be instructed to lift the stay and reopen this case.

The United States has filed a Response to the Motion to Vacate and Supplemental

---

[1] The Federal Public Defender was appointed to represent Petitioner in this action pursuant to Administrative Order No. 3:15-mc-196.

[2] Petitioner had argued in his Motion to Vacate that his career offender sentence is invalid pursuant to Johnson, but he correctly abandoned that argument in his Supplemental Memoranda.  See [Docs. 6, 10]; Beckles v. United States, 137 S.Ct. 886 (2017) (holding that the U.S. Sentencing Guidelines, including the career offender provision in § 4B1.2, are not amenable to due process vagueness challenges). Petitioner also argued in his first Supplemental Memorandum that aiding and abetting Hobbs Act robbery is not a crime of violence, but he correctly abandoned that argument as well.  See [Docs. 6, 10]; United States v. Ali, 991 F.3d 561 (4th Cir. 2021) (aiding and abetting Hobbs Act robbery is categorically a crime of violence).

2

Memoranda, arguing that the § 924(c) offense is valid because it is supported by a predicate conviction for Hobbs Act robbery. [Doc. 18]. The Petitioner has filed a Third Supplemental Memorandum in which he argues that substantive Hobbs Act robbery is not categorically a crime of violence. [Doc. 19].

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that his § 924(c) conviction in Count Three should be vacated because the record does not conclusively establish whether the § 924(c) conviction was premised on Hobbs Act conspiracy, which does not qualify as crimes of violence in light of Johnson and its progeny, and/or on aiding and abetting Hobbs Act robbery, which is a valid predicate conviction.

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in

3

§ 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that conspiracy to commit Hobbs Act robbery does not qualify categorically as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019) (*en banc*). The Fourth Circuit has also found that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Further, the Fourth Circuit has held that "a § 924(c) conviction based on one valid and one invalid predicate offense remains sound following Johnson and its progeny, and we extend that holding to cases in which the defendant pleads guilty to a § 924(c) offense expressly based on the valid and invalid predicate." United States v. Crawley, 2 F.4th 257, 263 (4th Cir. 2021), *cert. denied*, 142 S. Ct. 819 (2022).

Here, the Indictment charged the § 924(c) offense based on the invalid predicate of Hobbs Act conspiracy and the valid predicate of aiding and abetting Hobbs Act robbery.[3] Because the § 924(c) conviction is supported by one valid predicate conviction, the § 924(c) conviction remains

---

[3] In any event, the Rule 11 hearing transcript clarifies that the § 924(c) offense was based on the valid aiding abetting Hobbs Act robbery predicate charged in Count Two, to which Petitioner also pleaded guilty. [CR Doc. 74 at 9].

valid. Id. The Court will, therefore, dismiss and deny Petitioner's § 2255 Motion to Vacate.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Stay [Doc. 15] is **LIFTED**.

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** and **DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 10, 2022

Robert J. Conrad, Jr.
United States District Judge